**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ETHELYN R. BLAKE #2019879** | § | |
| | § | |
| **V.** | § | **W-16-CA-102-RP** |
| | § | |
| **C.O. 4 MACHADO** | § | |

**ORDER**

Before the Court is Plaintiff Emily Henry's complaint.  Plaintiff alleges on February 27,

2016, Correctional Officer Machado accused Plaintiff of threatening him.  As a result, Plaintiff was

punished in a disciplinary proceeding.  Plaintiff denies she threatened the officer.  She sues Officer

Machado.  Plaintiff asks the Court to order a polygraph for her and Officer Machado to prove her

innocence.  She also requests compensation for the mental anguish the incident has caused.

Under 28 U.S.C. § 1915(e)(2)(B), this Court must screen an IFP complaint and dismiss it if

the Court determines the complaint is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief from an immune defendant.  An action is frivolous when

there is no arguable legal or factual basis for the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  To state a claim under the federal rules, a plaintiff need provide only a "short and plain

statement of the claim showing that [he] is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Though

specific facts are not necessary, "'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plaintiff must allege enough "to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555.  To state a proper claim under § 1983, a plaintiff must allege that a state actor deprived the plaintiff of a constitutional right.  42 U.S.C. § 1983.  Because Plaintiff is proceeding pro se, this Court is obligated to construe her pleadings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's complaint is barred by *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 481 (1994), because such relief either directly or indirectly challenges the validity of the disciplinary board's finding of guilt and of the sanctions imposed. *Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005).  In addition, the PLRA, 42 U.S.C. § 1997e(e), bars recovery of damages for mental anguish absent a showing that the plaintiff suffered a physical injury while in custody.   The Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir .2005).

It is therefore **ORDERED** that Plaintiff's complaint be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further **ORDERED** that Plaintiff is warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or

federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while she is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then she will be prohibited from bringing any other actions in forma pauperis unless she is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

**SIGNED** on April 29, 2016.


ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE